UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM D. COWART, III,

    Plaintiff,

v.                                                                       CASE NO. 3:24-cv-472-MMH-SJH

STONE DURO, etc., et al.,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on review of Plaintiff's Amended Complaint for a Civil Case ("Amended Complaint"). Doc. 13. For the reasons herein, the Court will direct Plaintiff to file a second amended complaint.

**I.    Background**

Plaintiff, proceeding *pro se*, filed a Complaint for Violation of Civil Rights, Doc. 1 ("Complaint"), and moved to proceed *in forma pauperis* ("IFP"), Docs. 2, 5. The Court eventually entered an Order allowing Plaintiff to proceed IFP, staying the service-of-process provision in 28 U.S.C. § 1915(d) and the service-of-process period in Rule 4(m) of the Federal Rules of Civil Procedure ("Rule(s)"), and directing Plaintiff to file an amended complaint ("Prior Order"). Doc. 10. Plaintiff filed his Amended Complaint on Augst 30, 2024. Doc. 13.

**II.    Applicable Law**

As outlined in the Prior Order, the Court is obligated to review the case pursuant

to 28 U.S.C. § 1915(e)(2) and to dismiss it if the Court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Brown v. Hall*, No. 3:23-cv-537-BJD-LLL, 2023 WL 5069482, at *1 (M.D. Fla. May 16, 2023).

A pleading stating "a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction …; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought …." Fed. R. Civ. P. 8(a); *see also Gamble v. Gamble*, No. 8:09-cv-369-T-30TGW, 2009 WL 580323, at *1 (M.D. Fla. Mar. 6, 2009). In addition, a party must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); *see also Meide v. Pulse Evolution Corp.*, No. 3:18-cv-1037-J-34MCR, 2019 WL 4918264, at *2 (M.D. Fla. Oct. 4, 2019). Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly[.]" *Palmer v. Albertson's LLC*, 418 F. App'x 885, 889 (11th Cir. 2011) (quotation omitted).

In considering whether dismissal for failure to state a claim is warranted under § 1915(e)(2)(B)(ii), the same standards governing dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure apply. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that

amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 8(a) of the Federal Rules of Civil Procedure demands "more than an unadorned, the defendant unlawfully harmed me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Courts accept "all factual allegations in the complaint as true" but "need not apply this rule to legal conclusions." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010).

Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015); *Carvel v. Godley*, 404 F. App'x 359, 361 (11th Cir. 2010).

### III. Discussion

The Prior Order directed Plaintiff to file an amended complaint, as his original Complaint constituted an impermissible shotgun pleading. *See* Doc. 10 at 4-10. Though improved somewhat from the Complaint with respect to some of the issues identified in the Prior Order, for the reasons herein, the Amended Complaint remains deficient. Accordingly, Plaintiff will be given another opportunity to file an appropriate pleading and directed to file a second amended complaint.

In the Amended Complaint, Plaintiff sues four defendants, Municipal Code Enforcement Officers Stone Duro ("Duro") and Tiffany Sen ("Sen"), their supervisor Robert Bautochka ("Bautochka"), and Special Magistrate Laura Boeckman ("Special Magistrate Boeckman"). Doc. 13 at 2. In Count One, Plaintiff alleges Duro and Sen, seeking to get evidence against Plaintiff, entered his private property on September 19, 2023, without a warrant. *Id.* at 6-7. Plaintiff alleges that he called the Jacksonville Sherriff's Office ("JSO") for assistance, and that Duro and Sen complied with the instructions from JSO officers that they leave Plaintiff's property. *Id.* at 6. Based on these allegations, Plaintiff alleges that Duro and Sen violated his Fourth and Fifth Amendment rights and committed "criminal trespass." *See id.* at 6-7.

In Count Two, Plaintiff seeks relief under 42 U.S.C. § 1983 (§ 1983). *Id.* at 8. This claim is premised on an administrative municipal code enforcement hearing on June 25, 2024. *Id.* Special Magistrate Boeckman presided over the hearing, which was prosecuted by Bautochka. *Id.* Plaintiff alleges that Special Magistrate Boeckman made rulings adverse to Plaintiff, including imposition of a fine and lien, which Plaintiff appealed to the Florida Circuit Court, Fourth Judicial Circuit. *Id.* Plaintiff alleges that Special Magistrate Boeckman's rulings were "illegal" and "brought dishonor to the judiciary[.]" *Id.* at 8-9. He also alleges, among other things, that the underlying proceedings violated his rights to due process. *Id.* at 9. He alleges all four defendants "appear to have acted in unison being employees of The City of Jacksonville Florida Inc in conspiring against PLAINTIFF's Constitutionally protected rights per **18 U.S.**

**Code 241**." *Id.* at 9.

Plaintiff seeks various relief including: a declaratory judgment; an order requiring the dismissal of all charges against Plaintiff by the Jacksonville Municipal Code Compliance division; an order that each defendant be fined, jailed, and removed from office; an order that Plaintiff be paid for his attendance at the June 25, 2024, hearing; an order requiring Plaintiff receive a jury trial (apparently with respect to the charges he demands be dismissed); and an order requiring the City of Jacksonville to train and certify its municipal compliance officers and to pay Plaintiff $50 million. *Id.* at 11.

Even liberally construed, Plaintiff's Amended Complaint is deficient in several respects.[1] Count One seeks relief against Stone and Duro for violation of § 1983 and/or Florida common law.[2] It appears Plaintiff may allege that Stone and Duro committed trespass or a related tort and/or violated his Fourth Amendment rights under color of law in entering his property to search for evidence without a warrant.[3] In some circumstances, such allegations may support a claim for relief. *See, e.g.*, *Sanchez v. Cnty.*

---

[1] This Order is not meant to address all potential deficiencies in the Amended Complaint.

[2] Count Two is expressly brought under § 1983. Count One is not, but liberally construed, I will also consider it under § 1983 insofar as Plaintiff alleges Stone and Duro violated his constitutional rights by entering his property looking for evidence against him without a warrant. In any second amended complaint, Plaintiff should, as previously instructed, separate discrete claims into different counts where necessary for clarity. *See* Doc. 10 at 9.

[3] Plaintiff also mentions the Fifth Amendment but the facts he alleges appear to pertain to the Fourth, not the Fifth, Amendment. *See* Doc. 13 at 6-7.

*of Volusia*, 331 So. 3d 853, 854-55 (Fla. 5th DCA 2021); *Steppe v. City of Miami, Fla.*, No. 09-23305-CIV, 2011 WL 13217972, at *3 & n.3 (S.D. Fla. Sept. 13, 2011); *Youngblood v. Fla.*, No. 3:01-cv-1449-J-16MCR, 2005 WL 8159645, at *5 (M.D. Fla. Mar. 17, 2005). However, Plaintiff alleges Stone and Duro complied with the instructions of JSO officers and left his property, and thus does not appear that he was ultimately subjected to any unlawful search on September 19, 2023. Doc. 13 at 6.[4] Moreover, Plaintiff does not appear to seek any relief for any violations alleged in Count One. *See id.* at 11.[5] To the contrary, the only apparent relief Plaintiff seeks against Stone and Duro is that they be fined and imprisoned under 18 U.S.C. § 241 and removed from office. The Court does not have authority to award such relief. Rather, as set forth in the Prior Order, § 241 is a criminal statute that provides no private cause of action or basis for relief. *See* Doc. 10 at 5 n.5. Accordingly, and given the remaining deficiencies outlined herein otherwise requiring repleading, Plaintiff will be given the opportunity to address the claims and relief sought as to Count One in a second amended complaint.

As to the remaining claims and parties, Count Two of the Amended Complaint

---

[4] Absent an unlawful search, the actions Plaintiff alleges might constitute a state-law tort such as trespass, but they would not violate the Constitution or give rise to a § 1983 claim. And without a § 1983 claim to assert a federal question and give rise to supplemental jurisdictional, Plaintiff has not alleged an independent basis for original jurisdiction over any state-law claims.

[5] The allegations in Count One may support a claim for nominal damages, if requested. *See Sanchez*, 331 So. at 854; *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003). If Plaintiff seeks nominal damages, he should make this clear and do so expressly in his second amended complaint.

6

seeks relief under § 1983. "To state a claim under section 1983, [Plaintiff] must allege that an act or omission, committed by a person acting under color of state law, deprived [him] of a right, privilege, or immunity secured by the Constitution or a federal statute." *A.W. by & Through J.W. v. Coweta Cnty. Sch. Dist.*, 110 F.4th 1309, 1315 (11th Cir. 2024). There are several deficiencies.

First, the precise nature of Plaintiff's claims and contentions are not entirely clear, but any claim must be supported by facts, not mere conclusions, plausibly stating a claim of entitlement to relief. *See Iqbal*, 556 U.S. at 678; *Anthony*, 626 F.3d at 1321.[6] The gravamen of Plaintiff's allegations in Count Two, however, appears to be that the state-court code-enforcement proceedings against him are improper and should either be enjoined by this Court or overturned on appeal by this Court. But this Court generally lacks jurisdiction to sit as a state appellate court or to enjoin state-court code enforcement proceedings. *See Renfroe v. Nationstar Mortg., LLC*, No. 3:19-cv-521-J-34JBT, 2019 WL 5456495, at *3-4 (M.D. Fla. Oct. 24, 2019) (explaining *Rooker-Feldman* and *Younger* abstention doctrines and federal court's lack of jurisdiction "to review, overturn, or interfere with" state-court action).[7] For similar reasons, and for

---

[6] Plaintiff must allege violation of a federal right; allegations that *state* laws were violated are insufficient. *See Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002).

[7] To the extent a state-court judgment is final, "'[t]he *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court.'" *Id.* at * 3 (quotation omitted). Alternatively, to the extent of an ongoing state-court action, "[t]he *Younger* doctrine requires federal courts to abstain from exercising jurisdiction when doing so would cause 'undue interference with state proceedings.'" *Id.*, at *4 (citation omitted).

the reasons discussed above with respect to Stone and Duro, most of the relief requested by Plaintiff—such as dismissal of charges against him or fining, imprisoning, or stripping titles or offices from Defendants—is not available. *See* Doc. 13 at 11.

In addition, to the extent Plaintiff seeks relief against Special Magistrate Boeckman, such is barred by judicial or quasi-judicial immunity. "Judges are absolutely immune from civil liability under section 1983 for acts performed in their judicial capacity, provided such acts are not done in the "clear absence of all jurisdiction." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) (quotation omitted). Derivative of judicial immunity, quasi-judicial immunity also provides absolute immunity to a § 1983 claim, such that nonjudicial officials acting within the scope of their authority "are encompassed by a judge's absolute immunity when their official duties 'have an integral relationship with the judicial process.'" *Id.* (citation omitted). Thus, "the absolute quasi-judicial immunity of a nonjudicial official [is determined] through a *functional* analysis of the action taken by the official in relation to the judicial process." *Id.*

Florida law has created "administrative boards to impose administrative fines and other noncriminal penalties to provide an effective and inexpensive method of enforcing county and municipal codes and ordinances where a pending or repeated violation persists." *Lindbloom v. Manatee Cnty.*, 808 F. App'x 745, 750 (11th Cir. 2020) (citing Fla. Stat. § 162.02). The "special magistrate has the same status as an enforcement board." *Id.* (citing Fla. Stat. § 162.03(2)). Enforcement proceedings are "initiated by a code inspector who notifies the violator and gives him a reasonable time

8

to comply, and if the violation continues, the code inspector notifies the special magistrate and requests a hearing." *Id.* at 750-51 (citing Fla. Stat. § 162.06(2)). The formal rules of evidence do not apply at the hearing; the special magistrate takes testimony from the code inspector and the alleged violator and "must issue findings of fact, conclusions of law, and an order affording the proper relief." *Id.* (citing Fla. Stat. § 162.07(3)-(4)). Upon notice "by the code inspector that a previous order has not been complied with, the special magistrate can assess fines up to $250 per day that the violation continues." *Id.* at 751 (citing Fla. Stat. § 162.09(1), (2)(a)). An appeal of the final administrative order may be taken to the Florida Circuit Court. *Id.* In short, then, under Florida law, special magistrates have "the authority … to adjudicate code violations[.]" *Id.*; *see also* Jacksonville, Fla., Mun. Code ch. 518. Applying a functional analysis, Plaintiff's allegations against Special Magistrate Boeckman are in turn barred by absolute quasi-judicial immunity. *See Fuller v. Bayona*, No. 23-24251-CIV, 2024 WL 4057602, at *2 (S.D. Fla. Sept. 5, 2024). Relatedly, claims directed to Bautochka's prosecution of Plaintiff are barred by absolute prosecutorial immunity. *See JERMC LTD v. Town of Redington Shores*, No. 8:19-cv-688-T-60AAS, 2020 WL 4227429, at *2 (M.D. Fla. July 23, 2020) (holding defendant was "entitled to prosecutorial immunity for his role in code enforcement proceedings" which "will absolutely shield his actions in initiating prosecution or presenting the Town's case").

Furthermore, and addressing another of Plaintiff's allegations, the foregoing "procedure satisfies due process because the Florida Circuit Court has the power to remedy any procedural deficiencies and cure violations of due process." *Club Madonna,*

*Inc. v. City of Miami Beach*, 924 F.3d 1370, 1379 (11th Cir. 2019);[8] *see also Lindbloom*, 808 F. App'x at 750 ("A violation of procedural due process does not become complete unless and until the state refuses to provide adequate due process. … An appeal of a final administrative order to the Florida State Circuit Court satisfies due process because the circuit court has the power to remedy any procedural defects and cure due process violations.").[9]

Finally, Plaintiff's overarching contention in Count Two, that all four defendants "appear to have acted in unison being employees of the City of Jacksonville Florida Inc in conspiring against PLAINTIFF's Constitutionally protected rights per **18 U.S.C. Code 241**" is wholly inadequate. Doc. 13 at 9. First, as discussed in the

---

[8] Though not entirely clear, Plaintiff appears to allege a violation of procedural due process. He alleges, however, that he has filed an appeal in Florida Circuit Court and that "a copy [of this appeal] was delivered" to this Court as "evidence of conspiracy against" Plaintiff's rights. Doc. 13 at 8. Plaintiff does not allege that he was unable to appeal or refused due process by the state courts; his submission thus appears to reflect due process, not a conspiracy to deprive due process. To the extent the Amended Complaint could be construed to allege any substantive due process violation, land-use rights are generally non-fundamental, state-created rights not amenable to a substantive due process challenge. *See Hillcrest Prop., LLP v. Pasco Cnty.*, 915 F.3d 1292, 1297-98 (11th Cir. 2019). Though there is a potential exception for due-process-violating legislative action, Plaintiff's allegations challenge an individualized, as-applied executive enforcement action. *See id.* at 1299-1302.

[9] Plaintiff also references the Seventh Amendment in his Amended Complaint. Doc. 13 at 9. "[T]he Seventh Amendment 'governs proceedings in federal court, but not in state court.'" *Sowers v. R.J. Reynolds Tobacco Co.*, 975 F.3d 1112, 1127 n.8 (11th Cir. 2020) (quoting *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 418 (1996)). Moreover, for the reasons discussed elsewhere, Plaintiff has not plausibly alleged an actionable due-process violation, and the Court cannot interfere with a state-court action or overrule a state-court judgment. *See Springer v. Perryman*, 401 F. App'x 457, 457-58 (11th Cir. 2010); *Beeks v. HMC Assets, LLC*, No. 3:19-CV-774-J-34MCR, 2019 WL 7567929, at *2 (M.D. Fla. Sept. 5, 2019), *report and recommendation adopted*, 2019 WL 4877379 (M.D. Fla. Oct. 3, 2019).

Prior Order and previously herein, Plaintiff cannot seek relief under § 241. *See* Doc. 10 at 5 n.5. Even if he could, in conspiracy cases, a defendant must be informed of the nature of the conspiracy alleged; it is not enough to simply aver a conspiracy existed. *See Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984); *see also Grappell v. Carvalho*, 847 F. App'x 698, 702 (11th Cir. 2021); *Pittman v. State Farm Fire & Cas. Co.*, 662 F. App'x 873, 880 (11th Cir. 2016). Thus, to state a conspiracy claim under § 1983, a plaintiff must "make particularized allegations" supported by well-pled facts to plausibly allege that the defendants "reached an understanding" and willfully participated in an agreement to violate the plaintiff's federal rights. *Pittman*, 662 F. App'x at 880. "Vague and conclusory allegations that merely suggest a § 1983 conspiracy are insufficient[.]" *Id.* The alleged conspiracy further "fails under the intracorporate conspiracy doctrine[,]" which "holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001) (quotation omitted). Simply put, under this doctrine, which "applies to public entities" such as a "City and its personnel[,]" the City of Jacksonville "cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Id.* (quotation omitted); *see also Crenshaw v. Lewis*, No. 8:14-cv-1941-T-27AEP, 2016 WL 521531, at *4 (M.D. Fla. Feb. 5, 2016). Moreover, it appears that Plaintiff seeks various relief against the City of Jacksonville. Doc. 13 at 11. However, though named as a defendant in his original Complaint, the City of Jacksonville is not a named defendant in the Amended

11

Complaint.[10] In preparing a second amended complaint, Plaintiff should consider that, as stated in the Prior Order, "[a]lthough personal participation is not specifically required for liability under § 1983, there must be a causal connection between the defendant named and the injury sustained." *See* Doc. 10 at 9 n.9 (citing *Roy v. Ivy*, 53 F.4th 1338, 1351-52 (11th Cir. 2022)). In addition, "'to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.'" *Id.* (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)).

## IV.    Conclusion

For the reasons herein, I will direct Plaintiff to file a second amended complaint curing the deficiencies described above, if possible. In doing so, Plaintiff should, in addition to the issues identified herein, also comply with the instructions in the Court's Prior Order. Plaintiff should note that his second amended complaint will supersede his Amended Complaint and become the operative pleading. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Thus, his second amended complaint must be complete and must include all related claims he wishes to pursue, as well as all facts in support and relief sought, in a single submission.

---

[10] Plaintiff appears to sue each of the individual defendants in an individual capacity. Any official-capacity claims would be the equivalent of a claim against the City of Jacksonville rather than the individual personally. *See McCarthy v. City of Cordele, Georgia*, 111 F.4th 1141, 1146 (11th Cir. 2024); *Hodges v. Hunter*, No. 3:23-cv-1375-MMH-PDB, 2024 WL 3890007, at *3 (M.D. Fla. Aug. 21, 2024).

If Plaintiff fails to file a second amended complaint in compliance with this Order and all applicable rules and law, I will likely recommend that the District Judge dismiss this case without prejudice.

Accordingly, it is **ORDERED**:

1. **On or before November 1, 2024,** Plaintiff shall file a second amended complaint in compliance with this Order and all applicable rules and law.

2. Plaintiff's failure to do so may result in my recommendation that this action be dismissed without prejudice.

**DONE AND ORDERED** in Jacksonville, Florida, on October 11, 2024.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

*Pro Se* Plaintiff

13