UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM D. COWART, III,

      Plaintiff,

v.                                     CASE NO. 3:24-cv-472-MMH-SJH

STONE DURO, etc., et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a Complaint for Violation of Civil Rights ("Complaint"), Doc. 1, and moved to proceed *in forma pauperis* ("IFP"), Docs. 2, 5. The undersigned entered an Order allowing Plaintiff to proceed IFP, staying the service-of-process provision in 28 U.S.C. § 1915(d) and the service-of-process period in Rule 4(m) of the Federal Rules of Civil Procedure ("Rule(s)"), and directing Plaintiff to file an amended complaint to cure pleading deficiencies in the Complaint ("First Prior Order"). Doc. 10.

Plaintiff later filed Plaintiff's Amended Complaint for a Civil Case ("Amended Complaint"). Doc. 13. On review, citing deficiencies in the Amended Complaint, the undersigned entered an Order directing Plaintiff to file a second amended complaint ("Second Prior Order"). Doc. 14. Plaintiff thereafter filed the current operative pleading, his second amended Complaint for Violation of Civil Rights Under Color of Law ("Second Amended Complaint"). Doc. 15.

For the reasons herein, because the Second Amended Complaint fails to comply with the Rules or the instructions in the First Prior Order and the Second Prior Order (at times, collectively "Prior Orders"), the undersigned respectfully **recommends** that this case be **dismissed without prejudice**.

### I. Applicable Law

The Court is obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss it if the Court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Brown v. Hall*, No. 3:23-cv-537-BJD-LLL, 2023 WL 5069482, at *1 (M.D. Fla. May 16, 2023).

A pleading stating "a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction …; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought …." Fed. R. Civ. P. 8(a); *see also Gamble v. Gamble*, No. 8:09-cv-369-T-30TGW, 2009 WL 580323, at *1 (M.D. Fla. Mar. 6, 2009). In addition, a party must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); *see also Meide v. Pulse Evolution Corp.*, No. 3:18-cv-1037-J-34MCR, 2019 WL 4918264, at *2 (M.D. Fla. Oct. 4, 2019). Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly[.]" *Palmer v. Albertson's LLC*, 418 F. App'x 885, 889 (11th Cir. 2011) (quotation omitted).

A complaint that violates Rule 8(a), Rule 10(b), or both, may be described as a "shotgun" pleading. *See Mathis v. City of Lakeland*, No. 22-12426, 2023 WL 2568814, at *4 (11th Cir. Mar. 20, 2023).[1] "Shotgun" pleadings are strictly prohibited. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018); *see also Moore v. Jasper City Bd. of Educ.*, No. 22-13943, 2023 WL 3719151, at *2 (11th Cir. May 30, 2023).[2]

In considering whether dismissal for failure to state a claim is warranted under § 1915(e)(2)(B)(ii), the same standards governing dismissal under Rule 12(b)(6) of the Rules apply. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 8(a) demands "more than an unadorned,

---

[1] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

[2] There are four rough categories of prohibited shotgun pleadings, including a complaint (1) with "'multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint'"; (2) "that is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action'"; (3) "that does not separate 'each cause of action or claim for relief' into a different count"; and (4) "that 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.'" *Mathis*, 2023 WL 2568814, at *4; *see also Moore*, 2023 WL 3719151, at *2.

the defendant unlawfully harmed me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Courts accept "all factual allegations in the complaint as true" but "need not apply this rule to legal conclusions." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010).

Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015); *Carvel v. Godley*, 404 F. App'x 359, 361 (11th Cir. 2010).[3]

These pleading requirements were outlined in detail in the Prior Orders. *See* Doc. 10 at 2-5, 8-10 & n.2; Doc. 14 at 1-3, 6-7.

## II.   Background

Plaintiff filed his original Complaint against the City of Jacksonville ("COJ") and two individual code enforcement officers, Stone Duro ("Duro") and Tiffany Sen ("Sen"). Doc. 1. Even liberally construed, as explained in the First Prior Order, the Complaint was an impermissible "shotgun pleading." Doc. 10. Among other defects,

---

[3] Complying with the rules of procedure includes not filing shotgun pleadings, and thus *pro se* shotgun pleadings are also forbidden. *See Brown v. Columbus Police Dep't*, No. 23-11896, 2024 WL 3451862, at *6 (11th Cir. July 18, 2024); *see also Mikov v. Vill. of Palm Springs, Fla.*, No. 23-13311, 2024 WL 3178043, at *3 (11th Cir. June 26, 2024); *Mathis*, 2023 WL 2568814, at *4; *LaCroix*, 627 F. App'x at 818-19. "It is not the district court's job to parse out incomprehensible allegations from shotgun pleadings"; rather, shotgun pleadings are subject to dismissal. *Dvoinik v. Rolff*, No. 23-14147, 2024 WL 2974475, at *4 (11th Cir. June 13, 2024); *see also Owens v. Fla. Dep't of Revenue*, No. 22-10550, 2023 WL 4105378, at *2-3 (11th Cir. June 21, 2023).

4

the First Prior Order explained, the Complaint impermissibly: (i) combined all claims against all defendants with little, if any, differentiation among the respective conduct for which each was sued; (ii) contained a statement of claim "in narrative form" without "simple, concise, and direct allegations" or "separate paragraphs"; (iii) contained immaterial allegations not obviously connected to a particular cause of action; and (iv) contained unnecessary legal citations and arguments as well as voluminous and unmarked attachments not referenced in the body of the Complaint or labeled to correspond to particular allegations. *See id.* at 5-6. The undersigned thus explained the applicable Rules, outlined the deficiencies in the Complaint, and directed Plaintiff to file an amended complaint in compliance with the undersigned's instructions and all applicable rules and law. *See id.* at 2-11.

Among other instructions, the undersigned directed as follows with respect to any amended complaint:

> [T]he amended complaint must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Under Rule 8, it must contain (i) a short and plain statement of the grounds for this Court's jurisdiction; (ii) a short and plain statement of the claim showing Plaintiff is entitled to relief; and (iii) a demand for the relief sought. Under Rule 10, it must be stated in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Thus, Plaintiff should state all facts on which he relies to support his claim(s) in sequentially numbered paragraphs. Where necessary for clarity, discrete claims should be separated into different counts.
>
> While background information can be helpful if it relates to the claim(s) raised, Plaintiff should concentrate his efforts on describing the actions or inactions of each named defendant that he contends resulted in an alleged violation of his federally protected rights. Plaintiff should clearly identify each deprivation of right(s) on which he bases any § 1983 claim(s), as well as each named defendant's involvement in the alleged

5

> deprivation(s). Although his pleading need not set forth detailed factual allegations, Plaintiff must provide more than mere labels and conclusions, and his factual allegations must be enough to state a plausible claim for relief. While Plaintiff must provide sufficient factual support to plausibly state a claim, he must avoid a pleading replete with immaterial allegations not obviously connected to a particular cause of action. Plaintiff must also clearly identify in his demand the relief sought in his amended complaint.
>
> Plaintiff should not include argument in his amended complaint. Citations to case law (unless a claim is based on a specific such cite) generally are not necessary or proper in a pleading. The submission of evidence is also unnecessary at the pleading stage. Any exhibits should be clearly marked and identified, and their inclusion explained in the body of the amended complaint.
>
> Finally, Plaintiff should note that his amended complaint will supersede his original Complaint (and any exhibits and supplements) and become the operative pleading. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Thus, his amended complaint must be complete and must include all related claims he wishes to pursue, as well as all facts in support and relief sought, in a single submission.

*Id.* at 9-10 (footnotes omitted). The First Prior Order also cautioned that Plaintiff's failure to file a proper amended complaint in compliance with the undersigned's instructions would likely result in a recommendation that this case be dismissed without prejudice. *Id.* at 10-11.

Plaintiff then filed his Amended Complaint. Doc. 13. The Amended Complaint improved somewhat from the original Complaint with respect to *some* of the issues identified in the First Prior Order, but it remained deficient and introduced several *other* issues as well. *See* Doc. 14. In the Amended Complaint, Plaintiff sued Duro and Sen, their supervisor Robert Bautochka ("Bautochka"), and Special Magistrate Laura Boeckman ("Special Magistrate Boeckman"). Doc. 13 at 2. The Amended

6

Complaint's deficiencies were explained in detail in the Second Prior Order. Doc. 14 at 3-12.

As a partial summary of these deficiencies, Count One of the Amended Complaint, though not entirely clear, appeared to allege Stone and Duro violated 42 U.S.C. § 1983 ("§ 1983") and/or Florida common law in entering his property to search for evidence without a warrant.[4] *See* Doc. 14 at 5-6. The undersigned explained that "[i]n some circumstances, such allegations may support a claim for relief" but that Plaintiff failed to adequately allege he was ultimately subjected to an unlawful search and furthermore did "not appear to seek any relief for any violations alleged in Count One." *Id.* Rather, "the only apparent relief Plaintiff [sought] against Stone and Duro [was] that they be fined and imprisoned under 18 U.S.C. § 241 and removed from office." *Id.* at 6. The undersigned explained that the Court did "not have authority to award such relief" and that as set forth in the First Prior Order, "§ 241 is a criminal statute that provides no private cause of action or basis for relief. *See id.* (citing Doc. 10 at 5 n.5). The undersigned also explained that if otherwise properly pleaded to state a claim under § 1983, Plaintiff's allegations against Stone and Duro in Count One of the Amended Complaint might "support a claim for nominal damages, if requested" and instructed that "[i]f Plaintiff seeks nominal damages, he should make this clear

---

[4] The Second Prior Order liberally construed Count One to potentially seek relief under § 1983 even though that statute was invoked only as to Count Two but reiterated that "[i]n any second amended complaint, Plaintiff should, as previously instructed, separate discrete claims into different counts where necessary for clarity." Doc. 14 at 5 n.2 (citing Doc. 10 at 9).

and do so expressly in his second amended complaint." *Id.* at 6 n.5.[5]

As to the remaining claims and parties and Count Two of the Amended Complaint, the Second Prior Order explained that "Plaintiff's claims and contentions are not entirely clear, but any claim must be supported by facts, not mere conclusions, plausibly stating a claim of entitlement to relief." *Id.* at 7 (citations omitted). To the extent his allegations could potentially be discerned, the undersigned explained that (i) "this Court generally lacks jurisdiction to sit as a state appellate court or to enjoin state-court code enforcement proceedings"; and (ii) as with Stone and Duro, most of the relief Plaintiff requested was not available. *See id.* at 7-8 (citation omitted). The Second Prior Order also outlined in detail why the allegations against Special Magistrate Boeckman were barred by judicial or quasi-judicial immunity and the allegations against Bautochka were barred by prosecutorial immunity. *Id.* at 8-9.

In addition to the foregoing, the Second Prior Order noted that although COJ was named as a defendant in the original Complaint, it was not named in the Amended Complaint; nevertheless, Plaintiff appeared to seek various relief against COJ. *Id.* at 11-12. Thus, the Second Prior Order explained as follows:

> In preparing a second amended complaint, Plaintiff should consider that, as stated in the [First] Prior Order, "[a]lthough personal participation is not specifically required for liability under § 1983, there must be a causal connection between the defendant named and the injury sustained." *See* Doc. 10 at 9 n.9 (citing *Roy v. Ivy*, 53 F.4th 1338, 1351-52 (11th Cir. 2022)). In addition, "'to impose § 1983 liability on a municipality, a

---

[5] To state a claim under § 1983, a plaintiff "must allege that an act or omission, committed by a person acting under color of state law, deprived [him] of a right, privilege, or immunity secured by the Constitution or a federal statute." *See A.W. by & Through J.W. v. Coweta Cnty. Sch. Dist.*, 110 F.4th 1309, 1315 (11th Cir. 2024); *see also* Doc. 14 at 7.

8

> plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation.'" *Id.* (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)).

*Id.* at 12. After a detailed explanation of the deficiencies requiring cure, the Second Prior Order directed Plaintiff to file a second amended complaint in compliance with the instructions of the Second Prior Order as well as the instructions in the First Prior Order. *Id.* It again cautioned that Plaintiff's failure to do so would likely result in a recommendation of dismissal of this action without prejudice. *Id.* at 13.

### III. Discussion

Plaintiff's Second Amended Complaint purports to seek relief against COJ, Duro, Sen, Bautochka, and Special Magistrate Boeckman, under 18 U.S.C. § 242 based on alleged violations of the Fourth Amendment. Doc. 15 at 1. The Second Amended Complaint is due to be dismissed as it is deficient and violates the Rules, applicable law, and the instructions in each of the Prior Orders.[6]

First, the Prior Orders have repeatedly admonished Plaintiff that § 241 and § 242 are the criminal counterparts of § 1983 and do not create a private cause of action, such that a private plaintiff may sue only under § 1983, not § 241 or § 242. *See* Doc. 10 at 5 n.5; Doc. 14 at 6, 10-11. Refusing to heed the undersigned's instructions, Plaintiff's Second Amended Complaint elects to rely solely on a criminal statute that creates no

---

[6] The Prior Orders did not purport to address all potential deficiencies in Plaintiff's prior pleadings. Nor does this Report and Recommendation purport to do so as to the Second Amended Complaint, which is impracticable given the other deficiencies summarized herein.

9

private cause of action. *See* Doc.15 at 1. For this reason alone, it is deficient. *See Andrew Corpus v. Depass*, No. 2:18-cv-665-FtM-29-NPM, 2020 WL 4260980, at *2 (M.D. Fla. July 24, 2020) ("Plaintiff does not have standing to bring a claim … under 18 U.S.C. § 241 and … under 18 U.S.C. § 242, because neither statute provides a private cause of action."); *Alexander v. Wells*, No. 8:24-cv-01405-KKM-AEP, 2024 WL 4884967, at *2 (M.D. Fla. Nov. 6, 2024) ("A plaintiff cannot bring a claim under 18 U.S.C. § 241 or 18 U.S.C. § 242 because they are criminal statutes that do not give rise to an individual cause of action."), *report and recommendation adopted*, 2024 WL 4881263 (M.D. Fla. Nov. 25, 2024); *Freeze v. Larizza*, No. 3:23-cv-1377-TJC-JBT, 2024 WL 1053814, at *3 (M.D. Fla. Feb. 13, 2024) (finding dismissal appropriate because "the Court in its prior Order noted that the criminal statute Plaintiff relies on for subject matter jurisdiction, 18 U.S.C. § 241, does not provide Plaintiff a private right of action" but "Plaintiff again cites 18 U.S.C. § 241 as the basis for his claim").[7]

Next, the Second Amended Complaint violates the basic pleading standards outlined in the Prior Orders. It violates both Rules 8 and 10 as, among other things, it (i) is written in lengthy narrative format without separately numbered paragraphs; (ii) comingles and combines all alleged claims against all defendants without any effort to separate discrete claims into separate counts; and (iii) contains extraneous and

---

[7] There may be circumstances in which it is appropriate to liberally construe a *pro se* pleading that improperly invokes § 241 or § 242 under the appropriate civil statute, § 1983. But here, the two Prior Orders explained that any claims must be brought under § 1983, rather than § 241 or § 242. Liberal construction cannot excuse Plaintiff's persistence in ignoring these instructions. *See, e.g., Freeze*, 2024 WL 1053814, at *3.

confusing attachments and legal citations and/or argument. *See* Doc. 15 at 1-4; Doc. 15-1; *see also* Doc. 10 at 2-4, 9-10.

Finally, the Second Amended Complaint contains no allegations at all against Bautochka. *See generally* Doc. 15. Plaintiff does not appear to seek any relief against Special Magistrate Boeckman, and the substantive allegations against her continue to fall within the bar by judicial or quasi-judicial immunity outlined in the Second Prior Order. *See id.*; *see also* Doc. 14 at 8-9 (citing *inter alia Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) and *Fuller v. Bayona*, No. 23-24251-CIV, 2024 WL 4057602, at *2 (S.D. Fla. Sept. 5, 2024)). And Plaintiff does not seek any relief (not even nominal relief despite prior instructions) against Duro or Sen. *See* Doc. 15 at 3-4; *see also* Doc. 14 at 6 & n.5. To the contrary, the only relief Plaintiff appears to seek in the Second Amended Complaint is unavailable and/or sought from COJ. *See* Doc. 15 at 3-4. But Plaintiff has not plausibly alleged the requirements for municipal liability as set forth in the Prior Orders. *See* Doc. 15 at 1-3; *see also* Doc. 10 at 9 n.9 and Doc. 14 at 12 (each citing *McDowell*, 392 F.3d at 1289).

### IV.   Conclusion

Plaintiff has had three opportunities to file a proper pleading. Despite the instructions in the Prior Orders, his Second Amended Complaint remains deficient. For the reasons herein—as well as in the Prior Orders, each of which cautioned that a failure to file an appropriate pleading may result in a recommendation of dismissal— the undersigned thus recommends that this case be dismissed without prejudice but

without further leave to amend.[8]

Accordingly, it is respectfully **recommended** that:

1. This case be **dismissed without prejudice**.

2. The Clerk of Court be directed to terminate any pending motions and close the file.

### Notice

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.*

A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation ... waives the right to

---

[8] Under the circumstances, a dismissal with prejudice could be appropriate. *See Alexander*, 2024 WL 4884967, at *2-3. However, it is unclear that Plaintiff has standing, *see Depass*, 2020 WL 4260980, at *2, or has properly invoked jurisdiction, *see Freeze*, 2024 WL 1053814, at *3. Thus, the undersigned recommends dismissal without prejudice, which is consistent with the warnings in the Prior Orders. *See* Doc. 10 at 10-11; Doc. 14 at 13. Given the Prior Orders and opportunities for amendment, however, the undersigned recommends such dismissal without leave to amend yet again.

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on December 17, 2024.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

The Honorable Marica Morales Howard, United States District Judge

*Pro Se* Plaintiff